# BLANKROME

One Logan Square
130 North 18th Street | Philadelphia, PA 19103-6998

*Phone:*   (215) 569-5645
*Fax:*     (215) 832-5645
*Email:*   frank.dante@BlankRome.com

October 5, 2021

**VIA ECF**
Honorable Carol Bagley Amon, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Zobay v. MTN Group Ltd., et. al.*, No. 1:21-cv-3503

Dear Judge Amon:

We represent Defendants ZTE (USA), Inc. and ZTE (TX), Inc. ("ZTE USA" and "ZTE TX"; collectively, "Defendants"). Pursuant to Section 3A of the Court's Individual Motion Practices and Rules, we request a conference prior to filing a motion to dismiss.

Plaintiffs are U.S. nationals killed or injured in 2011 and 2016 terrorist attacks in Iraq and their family members. Compl., ¶ 1. Defendants are U.S. subsidiaries of defendant ZTE Corporation, a telecommunications company.[1] *Id.*, ¶¶ 22-23. The Complaint asserts three counts against Defendants under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a) & (d). Defendants intend to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## I. Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

General personal jurisdiction does not exist in New York because ZTE USA is a New Jersey corporation with its principal place of business in Texas (Compl., ¶ 22) and ZTE TX is a Texas corporation with its principal place of business in California. *Id.*, ¶ 23. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Nor have Plaintiffs alleged a *prima facie* basis for specific personal jurisdiction over each Defendant. *See id.* at 1025. Three Plaintiffs are alleged to live in New York (*id.*, ¶¶ 577, 578, 581) but it is the defendant, not the plaintiff, who must be sufficiently connected to the forum. *Walden v. Fiore*, 571 U.S. 277, 290 (2014). The Complaint fails to plead even one contact between ZTE USA or ZTE TX and New York, much less contacts establishing a sufficient "affiliation between the forum and the underlying controversy[.]" *Ford*, 141 S. Ct. at 1025; *Waldman v. Palestine Liberation Organization, et al.,* 835 F.3d 317, 331 (2d Cir. 2016).

## II. Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)

Without distinguishing the three distinct corporate entities, Plaintiffs allege that from 2010 to 2016, "ZTE" sold embargoed U.S. technology to, and transacted with, various telecommunications companies in Iran that are allegedly dominated and controlled by the Islamic Revolutionary Guard Corps ("IRGC") and its Qods Force ("QF"). Compl., ¶¶ 2, 4. The Complaint further alleges that operatives from IRGC and QF combined with operatives from terrorist organizations in other countries—Hezbollah and Jaysh al-Mahdi ("JAM")—to form "Joint Cells," from which JAM operatives committed terrorist attacks in Iraq. *Id.*, ¶ 2. Plaintiffs

---

[1] In a letter to the Court dated September 28, 2021 [ECF 22], Plaintiffs' counsel advised that the Chinese entity ZTE Corporation has not been served with process.

BLANKROME

October 5, 2021
Page 2

allege that "ZTE's" business with Iranian telecom companies constituted material assistance to the IRGC and, in turn, to the alleged Joint Cells, primarily because (i) "ZTE's" modernization of telecom infrastructure improved the Iranian economy, enabling the Iranian telecom companies to supply money to the IRGC which then funded the Joint Cells' terrorist activities; and (ii) "ZTE" provided unspecified hardware, software and services to the Iranian telecom companies that, through a series of intermediaries, allegedly ended up in the hands of the Joint Cell terrorists and allegedly enhanced the terrorists' ability to carry out the attacks. *See id.*, ¶¶ 7, 53, 378, 447, 450.

### A.  Plaintiffs fail to state claims because they do not distinguish defendants.

Plaintiffs improperly lump three distinct corporate entities into the defined term "ZTE" and then fail to distinguish between the acts of each entity. Allegations against parent and subsidiary lumped together as "defendants" without specific factual allegations against the subsidiary fail to state a claim against the subsidiary. *Mastafa v. Australian Wheat Bd. Ltd.*, No. 07-Civ-7955, 2008 WL 4378443, at *4-5 (S.D.N.Y. Sept. 25, 2008); *see also MM Ariz. Holdings LLC v. Bonnano*, No. 08-Civ-5353, 2008 WL 5203691, at *2 (S.D.N.Y. Dec. 10, 2008).

### B.  Plaintiffs fail to state claims for primary ATA liability (Counts I and II).

Plaintiffs have not adequately alleged that Defendants committed an "act of international terrorism" as defined in 18 U.S.C. § 2331(1). *See Zapata v. HSBC Holdings PLC*, 414 F. Supp. 3d 342, 355 (E.D.N.Y. 2019), *affirmed* 825 Fed. Appx. 55, 56 (2d Cir. 2020). Plaintiffs' principal allegation is that "ZTE" "contract[ed] with TCI [Telecommunications Company of Iran] to modernize the IRGC-controlled Iranian cellular and landline communications systems[.]" Compl., ¶¶ 333-34, 590, 610. Modernizing telecommunications infrastructure, however, is neither "violent" nor "dangerous to human life." 18 U.S.C. § 2331(1)(A); *See Zapata*, 414 F. Supp. 3d at 358-59. Such conduct also does not objectively "appear[] to be intended" to "intimidate or coerce" (18 U.S.C. § 2331(1)(B)), but rather objectively appears to be "motivated by economics." *Zapata*, 414 F. Supp. 3d at 358 (quoting *Kemper v. Deutsche Bank AG*, 911 F.3d 383, 390 (7th Cir. 2018)). "[B]usiness dealings with [Iranian] governmental and commercial organizations" are "insufficient" to establish primary liability under the ATA. *Freeman v. HSBC Holdings PLC*, 413 F. Supp. 3d 67, 91 (E.D.N.Y. 2019) ("Freeman I"); *Bartlett v. Societe Generale de Banque Au Liban SAL*, No. 19CV00007CBAVMS, 2020 WL 7089448, at *8 (E.D.N.Y. Nov. 25, 2020); *O'Sullivan v. Deutsche Bank AG*, 2019 WL 1409446, at *6 (S.D.N.Y. Mar. 28, 2019), *denying leave to amend complaint*, 2020 WL 906153 (S.D.N.Y. Feb. 25, 2020); *Kemper*, 911 F.3d at 390.

Plaintiffs also do not adequately allege that "ZTE's" modernization of telecommunications infrastructure in Iran proximately caused Plaintiffs' injuries in Iraq. *See Rothstein v. UBS AG*, 708 F.3d 82, 95-98 (2d Cir. 2013). At most, Plaintiffs vaguely allege that "ZTE" provided "embargoed American technology" to "fronts, operatives and agents" of the IRGC, who in turn provided that unspecified technology to Lebanese-based Hezbollah, who in turn provided it to the Joint Cells in Iraq, who then "reverse engineered" the technology or were otherwise "technologically aided" in creating weapons and carrying out the attacks. *See, e.g.* Compl., ¶¶ 53, 378, 447, 450. Plaintiffs fail to plead what technology was actually provided by "ZTE" to the Joint Cells (if any), let alone when, in what quantity, how such items foreseeably caused each of the nine attacks alleged in the Complaint, or that each of the attacks would not have occurred in the absence of "ZTE's" alleged conduct. "These conclusory allegations are simply insufficient[.]" *Zapata*, 414 F. Supp. 3d at 357; *Rothstein*, 708 F.3d at 97; *Kemper*, 911 F.3d at 390.

BLANKROME

October 5, 2021
Page 3

### C. Plaintiffs have not adequately pled a secondary liability claim (Count III).

Plaintiffs have not adequately pled that Defendants "substantial[ly] assist[ed]" a "designated [] foreign terrorist organization" ("FTO") who "committed, planned, or authorized" an "act of international terrorism," as required to plead an aiding and abetting claim under 18 U.S.C. § 2333(d)(2). *See Honickman v. BLOM Bank SAL*, 6 F.4th 487, 494 (2d Cir. 2021). Here, each attack was allegedly committed by a JAM terrorist "serving as the triggerman." Compl., ¶¶ 453, 474, 491, 498, 513, 521, 536, 544; *id.*, ¶ 553 ("a team of Jaysh al-Mahdi terrorists" carried out the kidnapping). But JAM is not a designated FTO. Plaintiffs attempt to cure this defect by implicating Hezbollah (an FTO) in the acts of JAM, but fail to sufficiently plead that Hezbollah "committed, planned or authorized" each of the nine specific attacks at issue in the Complaint. *See* 18 U.S.C. § 2333(d); *Atchley v. Astrazeneca UK Ltd.*, 474 F. Supp. 3d 194, 212 (D.D.C. 2020) (dismissing claims attempting to link Hezbollah to JAM attacks); *O'Sullivan*, 2019 WL 7089448, at *8 n. 13 (same); *see also Cabrera v. Black & Veatch Special Projects Corps.*, No. 19-CV-3833-EGS-ZMF, 2021 WL 3508091, at *25 (D.D.C. July 30, 2021) (r&r) (dismissing claims attempting to link Hezbollah to acts of non-FTO Taliban).

Even if the principal, JAM, had been an FTO, Plaintiffs have failed to plead a sufficient relationship between it and ZTE USA or ZTE TX. In *Siegel v. HSBC N. AM. Holdings, Inc.*, 933 F.3d 217 (2d Cir. 2019), the Court dismissed secondary liability claims where, as here, the defendant's relation to the principal was "several steps removed." *Honickman*, 6 F.4th at 501 (discussing *Siegel*). In *Siegel*, the defendant-bank "allegedly had a commercial relationship with *another bank* that was linked to *various terrorist organizations* including the FTO that caused the plaintiff's injuries." *Id*. (emphasis in original.) Likewise, "ZTE" allegedly had commercial relationships with *other telecommunications companies* that are allegedly linked to *various terrorist organizations*. "[T]he relationship between the defendant and the FTO should not be so attenuated[.]" *Id*. Here, the relationship is too attenuated *and* the principal is not an FTO.

Plaintiffs have also failed to adequately allege that at the time ZTE USA and ZTE TX transacted with telecom companies in Iran (transactions Plaintiffs entirely fail to plead), the Defendants were "generally aware" that they were playing a role in unlawful activities from which JAM's terrorist activities in Iraq were foreseeable. *See Honickman*, 6 F.4th at 499. Lastly, Plaintiffs' Complaint fails to meet the six-factor test for adequately pleading "substantial assistance." *See Siegel*, 933 F.3d at 225. Plaintiffs' Complaint focuses on sanctions-evading conduct, but that has been rejected as a basis for secondary liability. *See, e.g. Freeman v. HSBC Holdings PLC*, 465 F. Supp. 3d 220, 234 (E.D.N.Y. 2020) ("Freeman II") ("[I]f anything, the Complaints' non-conclusory allegations show that Defendants' intentions were to profit commercially by assisting the Iranian entities to evade U.S. sanctions"—which is insufficient); *Siegel*, 933 F.3d at 225-26 (allegations that defendant helped bank violate regulations despite knowing bank supported terrorist organizations insufficient basis for secondary liability).

The Complaint therefore should be dismissed in its entirety.

The Parties jointly propose the following briefing schedule and page limitations: Defendants' Opening Motion (60 pages): November 19, 2021; Plaintiffs' Opposition (60 pages): January 18, 2022; Defendants' Reply (30 pages): February 17, 2022.

                                                           Respectfully,
                                                           */s/ Frank A. Dante*
                                                           FRANK A. DANTE

cc: All counsel of record (via ECF)