# Freshfields Bruckhaus Deringer US LLP

**TIMOTHY P. HARKNESS**

601 Lexington Avenue
New York, NY 10022

Tel +1 212-230-4610
timothy.harkness@freshfields.com

<u>VIA ELECTRONIC COURT FILING</u>

November 5, 2021

Honorable Carol Bagley Amon, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Zobay v. MTN Group Ltd., et al.</u>, No. 1:21-cv-3503 (E.D.N.Y.) (CBA)

Dear Judge Amon,

We, along with Covington & Burling LLP, represent Defendants MTN Group Ltd. and MTN Dubai Ltd. (the "MTN Defendants") in this action. Pursuant to the Court's rules, we respectfully request a conference prior to filing a motion to dismiss, and suggest that the MTN Defendants' motion be discussed at the conference already scheduled for November 15, 2021.

Plaintiffs are service members and contractors, or their family members, injured or killed by Iraqi militants in 2011 and 2016. Plaintiffs claim that because MTN Group indirectly held a minority stake in Irancell, a venture running a mobile phone network in Iran, MTN Group should be liable under the Anti-Terrorism Act ("ATA") for committing, and aiding and abetting, acts of international terrorism. Plaintiffs' principal theory is that profits from selling phone services to Iranians benefitted two state enterprises that allegedly had ties to the Islamic Revolutionary Guard Corps ("IRGC"), which separately supported anti-American militias in Iraq. The MTN Defendants intend to move to dismiss for lack of personal jurisdiction and for failure to state a claim.[1]

## I. Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

MTN Group is a South African telecommunications company that does not operate in the United States. Plaintiffs cannot establish general personal jurisdiction over MTN Group. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiffs also fail to plead specific jurisdiction over ATA claims based on alleged conduct that occurred outside the United States.

**A.** Plaintiffs do not plead facts establishing that MTN Group "expressly aimed" its conduct at the United States by participating in a telecommunications joint venture in Iran. *See* Compl. ¶¶ 300-01. The Second Circuit has held that even "indirect funding of al Qaeda," knowing "that acts of violence committed against residents of the United States were a foreseeable consequence," cannot support specific personal jurisdiction. *In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71, 94-95 (2d Cir. 2008). Investing in Irancell is a far weaker basis for jurisdiction. *See Cabrera*

---

[1] The Complaint alleges nothing at all about MTN Dubai apart from the fact that it exists. *See* Compl. ¶ 20. For simplicity, we refer to MTN Group, but MTN Dubai should be dismissed for the same reasons, in addition to the Complaint's impermissible group pleading without specific allegations about MTN Dubai.

*v. Black & Veatch*, 2021 WL 3508091, at *12 (D.D.C. July 30, 2021) (rep. & recommendation) (rejecting nearly identical argument that MTN Group targeted the U.S.).

**B.** Plaintiffs fail to allege that MTN Group purposefully availed itself of doing business in the United States. Plaintiffs cobble together a handful of purported U.S. contacts: (1) the alleged procurement, by unnamed "agents," of embargoed U.S. goods and technology, Compl. ¶¶ 314-21; (2) payments associated with those goods that touched "the New York banking system," *id.* ¶¶ 317, 320-21; and (3) a supposed $400,000 bribe that was routed indirectly through a U.S. bank account, *id.* ¶¶ 311-13. For several reasons, these alleged contacts do not establish purposeful availment.

Plaintiffs' jurisdiction-by-agency theory fails because the Complaint has no non-conclusory allegations establishing that MTN Group controlled any "agent." *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 85 (2d Cir. 2018). At most, Plaintiffs allege a diffuse chain of events in which *other actors* obtained U.S. technology. *See* Compl. ¶¶ 314-21; *see also Lombardi v. Paige*, 2001 WL 303831, at *4 (S.D.N.Y. Mar. 28, 2001) (no purposeful availment where defendant did not "actively participate[]" in in-forum transactions). Nor have Plaintiffs alleged facts showing that it mattered whether these supposed agents procured *U.S.* technology.

Plaintiffs' reliance on alleged use of U.S. wires also fails. Plaintiffs appear to allege that transfers between foreign bank accounts passed through U.S. correspondent accounts, but "courts have discounted the use of a correspondent account that is 'essentially adventitious—i.e., [that] was not even [defendant's] doing.'" *Vasquez v. HSBC*, 477 F. Supp. 3d 241, 258 (S.D.N.Y. 2020). Moreover, alleging that U.S. banks were used in a one-off $400,000 payment in 2007, many years before any attack, does not show "repeated use" of an account from which "purposeful availment may be inferred from the sheer volume" of use. *Id.* at 257.

**C.** Plaintiffs' claims do not "arise out of or relate to" MTN Group's alleged U.S. contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). Plaintiffs' theory that "agents" of MTN Group sourced for Irancell U.S. cell phones, which aided Iraqi militants, is based on an attenuated chain of events and implausible inferences, and is irrelevant to several attacks that did not involve IEDs. *See* Compl. ¶¶ 490, 497, 520, 553. The alleged 2007 bribe also has no relationship—much less "the requisite strong relationship," *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021)—to attacks that were committed several years later, in a different country, by militants with no ties to the alleged bribe.

## II.     Failure to State a Claim Pursuant to Rule 12(b)(6)

Plaintiffs' central claim against MTN Group is that it participated in a joint venture that sold mobile phone services. Plaintiffs do not plausibly allege that MTN Group committed any act of international terrorism or aided and abetted the Iraqi militants that injured Plaintiffs. Plaintiffs' theory is legally insufficient and repeatedly contradicted by the very sources on which they rely.

**A. 1.** Plaintiffs' direct-liability claims fail because MTN Group is not plausibly alleged to have committed an act of "international terrorism."

*First*, MTN Group's actions did not "appear to be intended" to intimidate or coerce, 18 U.S.C. § 2331(1)(B). Courts dismiss direct-liability ATA claims when, as here, the plaintiffs'

allegations suggest that a defendant acted for economic reasons. *E.g.*, *Zapata v. HSBC Holdings PLC*, 414 F. Supp. 3d 342, 358-59 (E.D.N.Y. 2019), *aff'd*, 825 F. App'x 55 (2d Cir. 2020).

*Second*, MTN Group committed no predicate crime. *See* 18 U.S.C. § 2331(1)(A). The crimes Plaintiffs cite require knowledge of supporting terrorist acts. But Plaintiffs fail to plead that MTN Group knew that participating in the Irancell venture contributed to militia attacks in Iraq. Plaintiffs' theory—that Irancell's Iranian shareholders were known IRGC fronts—is contradicted by the U.S. Government sources on which Plaintiffs rely and is otherwise unsupported.

*Third*, commercial transactions—even with sanctioned Iranian state enterprises—are not "inherently violent or dangerous." *See O'Sullivan v. Deutsche Bank AG*, 2019 WL 1409446, at *7-8 (S.D.N.Y. Mar. 28, 2019) (applying 18 U.S.C. § 2331(1)(A) to dismiss ATA claim).

**2.** Plaintiffs have not plausibly pleaded that MTN Group proximately caused their injuries. Investing in a telecommunications network in Iran did not proximately cause attacks by militia groups in Iraq, regardless of whether Iranian government entities benefited from the venture. *See, e.g.*, *Rothstein v. UBS AG*, 708 F.3d 82, 95-97 (2d Cir. 2013).

**B. 1.** Plaintiffs' aiding-and-abetting claim fails. Plaintiffs fail to plead that Irancell's mobile phone business in Iran was "so closely intertwined with . . . violent terrorist activities" that one can infer MTN Group was "generally aware" it was assuming a role in terrorism. *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 499 (2d Cir. 2021). Plaintiffs' attempt to cast Irancell's shareholders as known IRGC fronts is based on distorted and misleading characterizations of sources.

**2.** Plaintiffs also fail to plead that MTN Group provided "substantial assistance" to "the person who committed" the attacks that injured Plaintiffs. 18 U.S.C. § 2333(d)(2). The Complaint does not allege that MTN Group provided *any* assistance to "the person" that attacked Plaintiffs, *i.e.*, the Iraqi "Joint Cells." Nor could any such assistance have been "substantial" under the applicable standard. MTN Group was several steps removed from the Joint Cells and, at most, had a "commercial relationship" with Iranian state enterprises that were indirectly "linked to *various terrorist organizations*," *Honickman*, 6 F.4th at 501; it was never "one in spirit" with any terrorist, *Halberstam v. Welch*, 705 F.2d 472, 484 (D.C. Cir. 1983); and its ability to connect and serve Iranian subscribers could hardly have been essential to IRGC-sponsored terrorism.

**3.** Aiding-and-abetting liability is unavailable because the attacks were not "committed, planned, or authorized" by a U.S.-designated Foreign Terrorist Organization ("FTO"). 18 U.S.C. § 2333(d)(2). The United States has never designated Jaysh al-Mahdi as an FTO, and it designated Asaib Ahl al-Haqq only after the attacks at issue. Plaintiffs therefore resort to a pleading artifice—collapsing several groups into unified "Joint Cells" led by Hezbollah, an FTO, even though the U.S. Government treats the groups as distinct, and Plaintiffs' own sources describe them as rivals.

MTN Group and MTN Dubai have agreed to waive service in exchange for adequate time to prepare their motion. We have conferred with counsel for Plaintiffs and the served ZTE Defendants, and all agree that it would be beneficial for the respective motions to dismiss to proceed on the same schedule. The parties jointly propose that the MTN Defendants and ZTE Defendants' motions be due January 14, 2021; Plaintiffs' opposition be due March 15, 2022; and replies be due April 14, 2022.



          Respectfully,

          */s/ Timothy P. Harkness*
          Timothy P. Harkness

CC: Counsel of Record (via ECF)