# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: (202) 879-5572
scottreau@jonesday.com

May 16, 2022

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, N.Y. 11201

Re:   *Zobay v. MTN Group Ltd.*, No. 1:21-cv-3503 (E.D.N.Y.) (CBA)

Dear Judge Amon:

We represent defendants Huawei Technologies USA Inc., Huawei Device USA Inc., and Futurewei Technologies, Inc. ("Huawei U.S. Defendants" or "Defendants") in this case. Under the Court's rules, we respectfully request permission to file a motion to dismiss.

## I.   BRIEF DESCRIPTION OF THE CASE

Plaintiffs include U.S. nationals killed or wounded in attacks in Iraq (from 2011 to 2017) and Afghanistan (in 2019). The attacks were allegedly committed by various groups, including Hezbollah and Jaysh al-Mahdi (Am. Compl. ¶ 1393) as part of a global terrorism conspiracy under the auspices of the Islamic Revolutionary Guard Corps. ("IRGC") to push U.S. troops out of Iraq and Afghanistan, *id.* ¶¶ 93-94, 257-261. Plaintiffs claim the Huawei U.S. Defendants aided those attacks in violation of the Anti-Terrorism Act ("ATA") not by providing direct support to any terrorist group, but by having alleged business dealings with Iranian telecommunications companies MCI and MTN Irancell, which Plaintiffs then claim are connected to either the IRGC or a supposed IRGC front. *Id.* ¶¶ 10, 830-834, 1217, 1219-1220, 1232, 1265-1266, 1274, 1300.

## II.   CONTEMPLATED MOTION TO DISMISS

The Huawei U.S. Defendants seek permission to move to dismiss Plaintiffs' Amended Complaint because it fails, amongst other reasons, for (a) failure to make proper allegations under Rule 8, (b) lack of personal jurisdiction, (c) failure to state a claim, and (d) claims related to at least eight of the attacks are untimely.[1]

---

[1] The memorandum in support of the motion to dismiss will include a more detailed exposition of these and any other arguments in favor of dismissal.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Carol Bagley Amon
May 16, 2022
Page 2

### A.    Lack of Well-Pleaded Allegations Against the Huawei U.S. Defendants

Plaintiffs' 506-page complaint provides a lengthy story of Middle Eastern geopolitics and terrorism, but wholly fails to provide "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2); *see also Bartlett v. Societe Generale de Banque Au Liban SAL*, 2020 WL 7089448, at *1 (E.D.N.Y. Nov. 25, 2020) (questioning whether a complaint complies with Rule 8).  Additionally, Plaintiffs' Amended Complaint improperly group pleads, lumping all "Huawei" defendants together with the other defendants.  *E.g.*, Am. Compl. ¶¶ 134-35, 238, 314, 379, 830-33, 851-52, 897 (allegations against all defendants); *id.* ¶¶ 135, 186, 301, 770, 832, 893 (allegations against "Huawei"); *id.* ¶ 77 (defining Huawei as including "subsidiaries and affiliates").  "By lumping all the defendants together … [the] complaint failed to satisfy [Rule 8's] minimum standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

### B.    Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over the Huawei U.S. Defendants.  Under Rule 4(k)(1)(A), Plaintiffs have not alleged their claims arise out of business transactions Defendants conducted in New York.  N.Y. CPLR § 302.  Plaintiffs' reliance on 18 U.S.C. § 2334(a) is likewise misplaced—personal jurisdiction must be assessed claim-by-claim, *see Bristol-Myers Squibb Co. v. Sup. Ct. of California*, 137 S. Ct. 1773, 1781-82 (2017), and only three Plaintiffs connected to just one of the attacks can arguably satisfy § 2334(a)'s venue requirement, which must be satisfied before § 2334(a) establishes personal jurisdiction.  The complaint also fails to satisfy the constitutional requirements for personal jurisdiction.  *E.g.*, *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

### C.    Failure to State a Claim Under Rule 12(b)(6)

1. <u>Aiding-and-Abetting Liability.</u>  To establish aiding-and-abetting liability, Plaintiffs must in part show the Huawei U.S. Defendants were "generally aware … [they were] playing a role in unlawful activities from which [terrorist] attacks were foreseeable" and "knowingly and substantially assist[ed]" the "person[s] who committed" terrorism.  *Honickman v. BLOM Bank*, 6 F.4th 487, 498-99 (2d Cir. 2021).  Plaintiffs' complaint fails on several grounds.

First, Plaintiffs do not plausibly allege general awareness.  The Iranian companies with whom Defendants allegedly transacted business were not "so closely intertwined with … violent terrorist activities that one can reasonably infer that [Defendants] were generally aware … [they] were] playing a role in its unlawful activities from which the [terrorist] attacks were foreseeable." *Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842, 860-61 (2d Cir. 2021).

JONES DAY

Hon. Carol Bagley Amon
May 16, 2022
Page 3

Second, Plaintiffs have not alleged that Hezbollah or the Qods Force actually received any of the proceeds or technology Defendants allegedly provided or that Defendants knew they might. Instead, Plaintiffs' claims are based on Defendants' alleged "commercial relationship with *another* [entity] that was [allegedly] linked to *various terrorist organizations* including the FTO that caused" their injuries, which is too "attenuated" for liability. *Honickman*, 6 F.4th at 501.

Third, the attacks were not "committed, planned, or authorized" by a U.S. designated FTO, as is required under the ATA. 18 U.S.C. § 2333(d)(2). Finally, Plaintiffs' claim based on an alleged RICO enterprise fails to establish liability under the ATA.

2. Conspiracy Liability. To state a claim for conspiracy liability, a plaintiff must allege, *inter alia*, that "the secondary tortfeasor [conspired with] the principal tortfeasor in committing … terrorism," and a factual basis showing "Defendants shared the common goal of committing an act of international terrorism." *O'Sullivan v. Deutsche Bank AG*, 2019 WL 1409446, at *9-10 (S.D.N.Y. Mar. 28, 2019) (quotation and citation omitted). But Plaintiffs have not plausibly alleged ***any*** agreement with those who committed the attacks at issue. Nor have Plaintiffs plausibly alleged Defendants shared the common goal of committing of terrorism.

D.   **Plaintiffs' Claims Related to Eight of the Attacks are Time Barred**

Plaintiffs' claims are predicated on 12 terror attacks, 8 of which occurred between June 23 and November 2011. *See* ¶¶ 1405, 1427, 1445, 1452, 1467, 1476, 1491, 1499. Because Defendants were not added until February 9, 2022, the 2011 attacks, having occurred more than 10 years before, are time-barred as to Defendants under 18 U.S.C. § 2335(a).

Respectfully submitted,

Steven T. Cottreau

Steven T. Cottreau