SPARACINO
PLLC

1920 L Street, N.W., Suite 835
Washington, D.C. 20036

September 6, 2023

**BY CM/ ECF**
The Honorable Carol Bagley Amon, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    **Plaintiffs' Response to the MTN Defendants' Request to Stay Proceeding Pending Outcome of Jurisdictional Discovery in *Davis* and *Chand***
       ***Zobay v. MTN Group Ltd.*, No. 1:21-cv-03503 (E.D.N.Y.)**

Dear Judge Amon:

Plaintiffs respectfully submit this response to the August 30, 2023 letter (ECF 127) from the MTN Defendants ("MTN") asking the Court to hold in abeyance MTN's motion to dismiss (ECF 82) pending the outcome of jurisdictional discovery in the *Davis* and *Chand* cases in the District Court for the District of Columbia.[1] Plaintiffs oppose MTN's request, which would unjustifiably delay ruling on a long-pending motion to accommodate *potential* developments in an unrelated case involving different jurisdictional allegations.

On July 28, 2023, the D.C. District Court ruled from the bench on MTN's[2] motions to dismiss in *Davis* and *Chand*, granting those motions for lack of personal jurisdiction without prejudice (the "*Davis/Chand* Order").  ECF 127-2 at 65:4-5. The court granted the motions to dismiss despite expressly reserving decision on the plaintiffs' "targeting" or purposeful-direction theory of jurisdiction—which it said presented a "close question," *id*. at 64:22-23—and ordered jurisdictional discovery on the plaintiffs' purposeful-availment theory, *id*. at 65:46.[3] The *Davis* and *Chand* parties are working productively to agree on the scope of the jurisdictional discovery and have been instructed to submit a joint status report on September 22, 2023. A status conference is scheduled for October 20, 2023.

---

[1]  Those cases are captioned as: (i*) Davis et al. v. MTN Irancell Telecommunications Servs. Co., et al.*, No. 22-cv-829-RDM (D.D.C.) ("*Davis*"), and (ii) *Chand et al. v. MTN Irancell Telecommunications Servs. Co., et al.*, No. 22-cv-830-RDM (D. D.C.) ("*Chand*").  Both cases were filed on March 27, 2022.

[2]  The moving defendants in *Davis* and *Chand* are MTN Group Limited and two former executives. MTN (Dubai) Limited is not a defendant in either of those cases.

[3]  The *Davis/Chand* plaintiffs believe that granting the motions to dismiss was procedurally inappropriate in light of the court's express reservation of any ruling on one of the plaintiffs' primary jurisdictional theories. Accordingly, the *Davis/Chand* plaintiffs have moved under Rule 60(a) asking the District Court to correct its ruling to either deny the motions to dismiss without prejudice or hold them in abeyance pending completion of jurisdictional discovery and resolution of all the plaintiffs' jurisdictional claims.

SPARACINO
———— PLLC

Judge Amon
September 6, 2023
Page 2

The *Davis/Chand* Order does not justify any delay in the Court's resolution of the defendants' motions to dismiss. The personal-jurisdiction aspects of those motions have been ripe for decision since they were argued on November 7, 2022. MTN identifies no material efficiencies to be gained from further delay. It merely notes that the three cases "overlap," and speculates that the *Davis/Chand* plaintiffs *might* later choose to amend their complaints to include facts that *could* be learned in jurisdictional discovery, and that *if* the *Davis/Chand* plaintiffs were to amend, Plaintiffs here *might* wish to do so, too. ECF 127 at 2. While Plaintiffs appreciate MTN's solicitude, its request is too speculative to warrant an indefinite and probably lengthy delay in resolving MTN's own long-pending motion.

First, although there is "overlap" among the three cases, the relevant jurisdictional allegations are different in important ways. The jurisdictional discovery in *Davis/Chand* will likely be limited to the years 2005 to 2010, which encompass MTN's negotiations over and entry into its joint venture with the IRGC and the period of the attacks at issue in those cases.[4] The attacks at issue in this case occurred from 2011 to 2019. Although the jurisdictional discovery in *Davis* and *Chand* may be relevant to this case, Plaintiffs here have also identified numerous jurisdictional contacts occurring after 2010 that would allow this Court to exercise jurisdiction regardless of the outcome of the *Davis/Chand* discovery. *See* ECF 86 at 26-28 (citing ECF 52 ¶¶1095-1100, which identify multiple MTN engagements with the U.S. financial system from 2012-2019). There is thus a significant likelihood that the *Davis/Chand* jurisdictional discovery will have no impact on the determination of jurisdiction here.

Second, there are multiple other scenarios in which the *Davis/Chand* discovery proves irrelevant to this case. For example, if either court finds personal jurisdiction based on Plaintiffs' targeting theory, which is presented in all three cases, the purposeful-availment theory that is the subject of discovery in *Davis/Chand* would become moot. Similarly, this Court could rule that personal jurisdiction exists based on pre-2011 contacts—which even the *Davis/Chand* court agrees "come close" to establishing jurisdiction, ECF 127-2 at 31:11-16—without additional discovery, rendering the outcome of that discovery irrelevant.[5] This Court could itself order jurisdictional

---

[4] In the *Davis/Chand* hearing, MTN indicated its view that jurisdictional discovery should have an end-date based on the last alleged attack, and Judge Moss viewed that limitation as "reasonable." ECF 127-2 at 20-21. Although the exact temporal parameters of the discovery have not yet been agreed, in discussions with MTN the *Davis/Chand* plaintiffs have provisionally indicated their willingness to accept a temporal limitation ending on or shortly after the last attack at issue.

[5] To be sure, Plaintiffs disagree with the court's determination that the *Davis/Chand* plaintiffs' purposeful-availment allegations fall short in their current form. For example, Plaintiffs believe that the *Davis/Chand* court failed to take certain allegations as true—including, for example, allegations that MTN sought to and did obtain embargoed U.S. technology from sellers "within the United States." Plaintiffs also believe that the court declined to draw reasonable inferences in the plaintiffs' favor concerning MTN Group's control and direction of other entities alleged to

# SPARACINO
### PLLC

Judge Amon
September 6, 2023
Page 3

discovery regarding different jurisdictional allegations than those at issue in *Davis/Chand*. And if either court were ultimately to reject all Plaintiffs' jurisdictional arguments and dismiss their claims entirely, Plaintiffs could elect to appeal on the existing record rather than amend to accommodate any new facts uncovered by the discovery. In any of those scenarios, delaying this case pending the outcome of an indefinite discovery period in *Davis/Chand* would be pointless and wasteful.

Finally, if this Court believes that jurisdictional discovery is necessary before it can rule on MTN's pending motion to dismiss, it should order jurisdictional discovery *in this case* instead of relying on the outcome of the limited (and likely different) jurisdictional discovery underway in *Davis/Chand*. That way the discovery can be shaped to address this Court's specific concerns—which may not be identical to those of the *Davis/Chand* court—and the specific jurisdictional allegations in this case, which differ from those in *Davis/Chand*.

Because the only *certain* consequence of the stay MTN seeks would be an extended delay of these proceedings, and because MTN has identified no benefits that would justify such a delay, Plaintiffs respectfully request that MTN's request to hold its motion to dismiss in abeyance be denied.
.

Respectfully submitted,

*/s/ Geoffrey P. Eaton*

Geoffrey P. Eaton
Ryan R. Sparacino
Eli J. Kay-Oliphant
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
geoff.eaton@sparacinopllc.com
ryan.sparacino@sparacinopllc.com

---

have acted in the United States on its behalf—*i.e.*, as its "agents." However, under Second Circuit precedent—which is binding in *this* case—the concept of "agency" is given a "broad interpretation" for personal jurisdiction purposes. *See Spetner v. Palestine Investment Bank*, 70 F.4th 632, 640, 644-46 (2d Cir. 2023) (internal quotations omitted). Plaintiffs' purposeful-availment allegations are therefore more than enough to establish a prima facie case of personal jurisdiction here. *See* ECF 125 at 2; ECF 86 at 28-33.



Judge Amon
September 6, 2023
Page 4

eli.kay-oliphant@sparacinopllc.com

*Counsel for Plaintiffs*